OPINION AND JUDGMENT ENTRY
This matter comes before the court on appeal from the Toledo Municipal Court wherein appellant, Vernon W. Liddell, was convicted of driving while under the influence of alcohol. Appellant asserts the following assignments of error:
 "I. THE TRIAL COURT COMMITTED ERROR IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS WHERE POLICEMAN'S WARRANTLESS STOP OF DEFENDANT'S CAR WAS BASED UPON VAGUE AND ANONYMOUS `TIP.'
 II. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ALLOWING DEFENDANT TO WITHDRAW HIS NO CONTEST PLEA."
Following his arrest on July 12, 1998, appellant filed a motion to suppress. A suppression hearing commenced on September 22, 1998. Sergeant Paul Hickey of the Toledo Police Department testified he was on patrol in the early morning hours of July 12, 1998 when he was flagged down by a passing motorist. The motorist told Sergeant Hickey there was a vehicle stopped in traffic on Collingwood Avenue at the intersection of Dorr Street. Hickey testified that the motorist was concerned for the safety of the vehicle's driver. Hickey proceeded to the intersection where he found a vehicle stopped in a turn lane. Hickey pulled behind the vehicle and turned on his overhead lights. He then exited his patrol car and approached the driver's side of the stopped vehicle. Hickey testified he found appellant unconscious, sitting behind the wheel with the ignition on and the gear shift in the park position. The driver's side window was down. Sergeant Hickey testified he took the keys from the ignition and attempted to awake appellant. Hickey testified he could smell alcohol and that appellant exhibited slurred speech when he was ultimately awakened.
In his first assignment of error, appellant contends that the initial stop of his vehicle was illegal as it was based on a tip from an anonymous informant.
An officer may conduct a brief investigative detention where the officer has a reasonable suspicion, based on articulable facts, that the one to be detained has engaged in, is engaging in, or is about to engage in criminal activity. Terry v. Ohio (1968),392 U.S. 1. Although the Terry Court referred specifically to a police officer's own observation of unusual conduct giving rise to reasonable suspicion, subsequent Ohio and federal law makes clear that a stop may be based on information received from an informant or anonymous tip. Adams v. Williams
(1972), 407 U.S. 143, 147, 92 S.Ct. 1921, 32 L.Ed.2d 612;United States v. Hensley (1985), 469 U.S. 221, 105 S.Ct. 675,83 L.Ed.2d 604; State v. Otte (1996), 74 Ohio St.3d 555, 559-560. Appellant, in his brief, has cited to Adams, supra, and other cases dealing with Terry stops based on information from criminal informants or citizens. However, these cases do not apply to the facts in this case. Sergeant Hickey did not seek out appellant's vehicle because he received information from a citizen that appellant was engaging in or was about to engage in criminal activity. Rather, Sergeant Hickey sought out appellant's vehicle because an unidentified citizen told him that appellant may be in need of assistance. Nothing in either the state or federal Constitution prohibits police officers from approaching, and engaging in conversation with, a motorist who they believe may be in need of assistance. State v. Long (April 22, 1998), Ross App. No. 96CA2196, unreported.
The investigative stop in this case, for purposes of Terry, did not begin until Sergeant Hickey reached appellant's open window. The instant he saw appellant, smelling of alcohol, passed out behind the wheel of a vehicle in a turn lane with the ignition on, Sergeant Hickey possessed a "reasonable suspicion, based on articulable facts" that appellant was engaged in criminal activity. Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant contends the court erred in denying his motion to withdraw his no contest plea. Criminal Rule 32.1 provides:
 "[A] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the Court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
The decision to allow a defendant to withdraw a no contest plea is within the sound discretion of the trial court. State v. Xie
(1992), 62 Ohio St.3d 521.
Appellant contends he asked to have his no contest plea withdrawn based on newly discovered evidence. Neither the record in this case nor appellant's brief identifies the newly discovered evidence which appellant claims justifies a plea withdrawal. Accordingly, we presume the regularity of the trial court's proceedings. Appellant's second assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Toledo Municipal Court is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED
 Melvin L. Resnick, J., James R. Sherck, J., RichardW. Knepper, J., concur.